UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY REGAN,

    Plaintiff,

v.                                                      Case No. 8:21-cv-2393-CPT

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits (DIB).  For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1962, obtained a GED, and has past relevant work experience as a cashier and an office manager.  (R. 20, 132, 275).  In January 2019, the Plaintiff applied for DIB, alleging disability as of December 2018 due to anxiety, multiple cervical disc herniations, benign paroxysmal positional vertigo, osteopenia of the left femur, bulging and slightly bulging discs, and scoliosis of the thoracic and lumbar spine.  (R. 132–33).  The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration.  (R. 144, 162).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in August 2021. (R. 100–31, 176–77). The Plaintiff was represented by counsel at that proceeding and testified on her own behalf. (R. 104, 106–26). A vocational expert (VE) also testified. (R. 126–30).

In a decision issued in November 2020, the ALJ determined that the Plaintiff (1) had not engaged in any substantial gainful activity since her alleged onset date in December 2018; (2) had the severe impairments of Meniere's disease, degenerative changes in the cervical spine with herniated discs, and degenerative changes in the lumbar spine with disc bulges and with scoliosis of the thoracic and lumbar spine; (3) did not, however, have an impairment or combination of impairments that met or medically equaled any of the listings;[1] (4) had the residual functional capacity (RFC) to perform light work subject to various limitations; and (5) based on the VE's testimony, could engage in her past relevant work. (R. 11–24). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 20).

The Appeals Council denied the Plaintiff's request for review. (R. 1–7). Accordingly, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted).

---

[1] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA considers significant enough to prevent a person from performing any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. *Id.*; *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[3] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)). Although the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks and citations omitted). In evaluating whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *Viverette*, 13 F.4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.

4

2005)); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). While a court will defer to the Commissioner's factual findings, it will not defer to her legal conclusions. *Viverette*, 13 F.4th at 1313–14 (citation omitted); *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

III.

The Plaintiff's sole challenge on appeal is that the Appeals Council erred in determining that supplemental evidence tendered by the Plaintiff after the ALJ hearing did not pertain to the period at issue and therefore did not affect the Commissioner's disability decision. (Doc. 17 at 6–7). Upon careful review of the parties' legal memoranda and the record, the Court finds that the Plaintiff's challenge lacks merit.

A claimant may generally offer additional evidence at each stage of the SSA's administrative process, including when the matter is before the Appeals Council. *Norton v. Comm'r of Soc. Sec.*, 853 F. App'x 519, 520 (11th Cir. 2021) (per curiam) (citing *Hargress*, 883 F.3d at 1308). The Appeals Council will grant a request for review if the evidence submitted is new, material, chronologically relevant, and "there is a reasonable probability that the evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5).

Pertinent here, evidence is deemed to be "chronologically relevant" if it relates to the time frame on or before the ALJ's decision. *Downing v. Comm'r of Soc. Sec.*, 856 F. App'x 822, 824 (11th Cir. 2021) (per curiam) (citing 20 C.F.R. § 416.1470(a)(5)). This is true even in a situation where the evidence arose from an examination of a claimant conducted after the ALJ's opinion, provided that the claimant "described her

5

symptoms from the pre-ALJ period and the practitioner [who performed the examination] reviewed records" from that time frame. *Id*. (citing *Hargress*, 883 F.3d at 1309–10; *Washington v. Soc. Sec. Admin, Comm'r*, 806 F.3d 1317, 1321–23 (11th Cir. 2015)).

When a claimant presents supplemental evidence to the Appeals Council, a reviewing court must decide whether such evidence renders the denial of benefits erroneous. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007). If the Appeals Council improperly refuses to consider newly tendered evidence, "it commits legal error and remand is appropriate." *Washington*, 806 F.3d at 1321.

Here, the additional evidence at issue consists of records from Oak Hill Hospital (Oak Hill) that are dated between July 2021 and August 2021. (R. 67–83). Included in these materials is a report regarding a July 31, 2021, MRI of the Plaintiff's brain, which documented an impression of a "recent left occipital lobe [cerebrovascular accident]" (R. 78–79), and an August 11, 2021, CT scan of the Plaintiff's head, which revealed an "[o]ld infarct of the left occipital lobe" (R. 68). These images were taken approximately eight months after the ALJ's November 2020. (R. 20).

The Appeals Council determined that the Oak Hill materials did "not relate to the period at issue" and "[t]herefore . . . [did] not affect the decision about whether [the Plaintiff was] disabled beginning on or before" the date of the ALJ's opinion. (R. 2). The Plaintiff contests this finding, asserting that the Oak Hill documents indicate she may have previously experienced an occipital lobe stroke, which could have

buttressed her testimony that she suffered from debilitating headaches. (Doc. 17 at 6–7). The Plaintiff's contention is flawed in several respects.

To begin, the Plaintiff does not meaningfully address how the July 31, 2021, MRI and August 11, 2021, CT scan were chronologically relevant. The Plaintiff's conclusory assertion that these images could possibly evidence an occipital lobe stroke that occurred during the disability period is insufficient. *See*, *e.g.*, *Walker v. Soc. Sec. Admin., Comm'r*, 2022 WL 1022730, at *4 (11th Cir. 2022) (per curiam) (finding that the claimant did not adequately challenge the Appeals Council's evaluation of newly offered evidence by "only highlighting [the] new evidence without explaining how it was . . . chronologically relevant"). In fact, there is case authority that such a perfunctory argument constitutes a waiver on the matter. *See Grant v. Soc. Sec. Admin., Comm'r*, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (concluding that a party abandons a claim when, among other things, she "raises it in a perfunctory manner without supporting arguments and authority") (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014)); *Battle v. Comm'r, Soc. Soc. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (per curiam) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.") (quoting *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam) (stating that a plaintiff waived an argument "because he did not elaborate on [the]

7

claim or provide citation to authority about [it]") (citing *Cheffer v. Reno*, 55 F.3d 1517, 1519 n.1 (11th Cir. 1995)).[4]

Even putting aside this deficiency, the Plaintiff's challenge fails in any event. Nothing in the findings set forth in the MRI and CT scan appears to show that the Plaintiff suffered an occipital lobe stroke before the ALJ's decision. Nor does the Plaintiff point to anything in the medical records that establishes such a linkage. *See Downing*, 856 F. App'x at 824 (determining that an MRI report was not chronologically relevant because it "did not indicate that the physician [who authored the report] reviewed any of [the claimant's] previous medical records or that he based his findings on [the claimant's] physical condition before the date of the ALJ decision"); *Griffin v. Comm'r of Soc. Sec.*, 723 F. App'x 855, 858 (11th Cir. 2018) (finding that an MRI report dated four months after the ALJ's decision was not chronologically relevant because it did not "specify that [the doctor who prepared the report] reviewed any of [the claimant's] previous medical records or that he based his findings and impressions in the . . . MRI report on [the claimant's] physical condition on or before the date of the ALJ's decision"); *Hargress*, 883 F.3d at 1309 (deeming medical records

---

[4] The Plaintiff claims at one point that the Appeals Council erred in finding the Oak Hill records were "not material." (Doc. 17 at 6–7). This is incorrect. As discussed above, the Appeals Council denied the Plaintiff's request for review because these supplemental items did not pertain to the time frame at issue. (R. 2); *see also Hargress*, 883 F.3d at 1309 (explaining that the Council's finding that the documents tendered after the ALJ's decision were "about a later time" and therefore did not affect the Commissioner's disability determination meant that the records were not chronologically relevant). Regardless, even if the Appeals Council declined to evaluate the Oak Hill records on the grounds of materiality (which it did not), the Court may—as part of its *de novo* review—consider factors that the Appeals Council did not take into account at the time the Council made its decision. *Pruitt v. Soc. Sec. Admin., Comm'r*, 2023 WL 196015, at *5 (11th Cir. Jan. 17, 2023) (per curiam).

dated between March and October 2015, which included a CT scan and an MRI, did not relate to the time frame before the ALJ's February 2015 decision); *League v. Comm'r of Soc. Sec.*, 2022 WL 1085540, at *8 (M.D. Fla. Feb. 7, 2022) (determining that the Appeals Council did not err in finding an MRI report not to be chronologically relevant where there was "no indication that the MRI findings indicated a stagnant condition [which] existed between [the claimant's] alleged onset date and the date of the MRI"), *report and recommendation adopted*, 2022 WL 703011 (M.D. Fla. Mar. 9, 2022).

The Plaintiff's challenge is also fatally flawed, insofar as she does not establish that the Oak Hill materials would have rendered the Commissioner's denial of benefits erroneous. *See Ingram*, 496 F.3d at 1262. While it is true the Plaintiff asserted before the ALJ that she suffered from headaches which interfered with a past job (R. 121–23), the ALJ determined that this malady did not materially affect the Plaintiff's ability to work. (R. 16–18). As the ALJ reasoned:

> Headache reports appear in isolated treatment records, such as when [the Plaintiff] was suffering from an upper respiratory infection in late 2019, but she often denied "frequent" headaches in routine assessments. She has not been diagnosed with a primary headache disorder, such as migraines, and she has not pursued more invasive therapy forms such as Botox injections for pain relief. This indicates her headaches are secondary to degenerative changes in the cervical spine, but, as noted above, the [Plaintiff] often denied problems with secondary headaches, and these symptoms have not prevented her from engaging in more demanding mental activities like managing finances, or operating a

9

computer system.  As a whole, this shows headaches are not sufficiently persistent or severe to warrant a reduction in function.

(R. 18).

In an effort to convince the Court to reach a contrary conclusion, the Plaintiff now contends that had the ALJ been aware of a prior occipital lobe stroke, the ALJ may have credited her reports of frequent headaches, found she could not perform her past relevant work, and determined that she was disabled. (Doc. 17 at 7).  To bolster this contention, the Plaintiff claims that "[t]here is some literature which suggests a connection between headaches and strokes." *Id*.

The Plaintiff's argument amounts to nothing more than speculation.  The Plaintiff wholly fails to demonstrate that the Oak Hill records would overcome the multiple grounds underlying the ALJ's finding that the Plaintiff's headaches were not functionally limiting—i.e., that she did not consistently complain of frequent headaches, that she had not been diagnosed with a primary headache disorder, and that she did not pursue more invasive treatment. (R. 18).  Notably, even the Plaintiff concedes that her claimed headaches and subsequently "diagnosed history of occipital lobe cardiovascular accident" may simply be a mere "coincidence." (Doc. 17 at 7). These deficiencies provide yet another basis for determining that the Appeals Council did not err. *Ingram*, 496 F.3d at 1262; *Pruitt*, 2023 WL 196015, at *5 (finding that the Appeals Council did not err in declining to consider a report where the claimant failed to show a reasonable probability that the report would have changed the decision to award him benefits).

IV.

In light of all the above, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk of Court is directed to enter Judgment in the Defendant's favor and to close the case.

SO ORDERED in Tampa, Florida, this 29th day of March 2023.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record